IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMBRIDGE SECURITIES, LLC, BJORN AASEROD, AND JOSEPH SCOTT KARRO, <br><br> *Appellants*, <br><br> v. <br><br> ALFRED T. GIULIANO, <br> as Trustee of the Getty Petroleum Liquidating Trust, <br><br> *Appellee*. | Case No. 14-10223 |
| In re: <br><br> GETTY PETROLEUM MARKETING, INC., *et al.*, <br><br> *Reorganized Debtors*. | Chapter 11 <br><br> Case No. 11-15606 |

**MEMORANDUM OF LAW IN SUPPORT OF
LIQUIDATING TRUSTEE'S MOTION TO DISMISS**

Appellee Alfred T. Giuliano (the "Trustee"), as liquidating trustee of the Getty Petroleum Liquidating Trust, respectfully submits this Memorandum of Law in support of his motion, pursuant to Fed. R. Bankr. P. 8001 and 8003, to dismiss the Defendants'[1] appeal of the Bankruptcy Court's order dismissing the Defendants' counterclaims.

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to its bankruptcy, Getty Petroleum Marketing, Inc. ("GPMI") marketed and sold gasoline and diesel fuel through a network of gasoline service stations, primarily in the Northeastern and Mid-Atlantic States. GPMI filed for chapter 11 bankruptcy on December 5,

---

[1] The Appellants here are the Defendants in the case below, *Giuliano v. Cambridge Securities, et al.*, Adv. Pro. No. 13-01720 (Bankr. S.D.N.Y.)

1

2011.  On August 24, 2012, the Bankruptcy Court confirmed the chapter 11 plan of liquidation (the "Plan") of GPMI and its affiliates.  Pursuant to the Plan and the order confirming the Plan, the Liquidating Trust was established, and certain causes of action, held by the estate, including the claims and causes of action set forth in the Adversary Complaint, were assigned to the Getty Petroleum Liquidating Trust.  The Trust and its Trustee were charged with pursuing those claims for the benefit of GPMI's creditors.

To that end, on November 26, 2013, the Trustee filed an Adversary Complaint against the Defendants in the U.S. Bankruptcy Court for the Southern District of New York, asserting certain claims for avoidance of transfers under the Bankruptcy Code and New York Debtor and Creditor law.  The Appellants, defendants below,[2] are the former CEO and CFO of GPMI, along with a company they control.  The Trustee alleges that the Defendants depleted the assets of the estate prior to, and during, the bankruptcy, by taking millions of dollars in pension and "success/bonus" payments, and, in the case of defendant Aaserod, flying his family to Europe on the struggling company's dime.  The action pending in the Bankruptcy Court seeks to avoid and recover these various payments made on the ground that they are preferences and/or fraudulent conveyances.

On January 31, 2014, the Defendants filed an Answer to the Complaint.  In the Answer, the Defendants asserted as an affirmative defense the doctrines of setoff and recoupment.  Thereafter, in an effort to persuade the bankruptcy court that it lacked the statutory and/or constitutional authority to enter final judgment on the Trustee's claims, Defendants withdrew the proofs of claims they had filed against the Debtors, and expressly waived any claims of setoff they may have had.

---

[2] One additional defendant, Eisenberg & Carton, is not named in the Notice of Appeal.

2

After an unsuccessful mediation the Defendants retained new counsel.  On September 15, 2014, Defendants filed an amended answer to the complaint, and (despite the representations of prior counsel) re-asserted counterclaims (among other things) for setoff and recoupment.

On October 6, 2014, the Trustee moved to dismiss the counterclaims on the bases that (a) the Defendants had expressly waived the right to assert setoff, and in any event, (b) the great weight of authority holds that a defendant cannot assert setoff or recoupment against avoidance claims brought by a Trustee.

Following briefing and oral argument, the Bankruptcy Court held oral argument on the matter.  At the conclusion thereof, the Bankruptcy Court ruled that the Defendants had expressly waived any claims of setoff they may have had, and even if they had not, the prerequisites for setoff had not been satisfied.  The Bankruptcy Court accordingly issued an order dismissing all of the Defendants' counterclaims (the "Order").  The Trustee's affirmative claims against the Defendants, however, remain pending in the bankruptcy court.

The Defendants filed their Notice of Appeal on November 13, 2014.

## **ARGUMENT**

The appeal should be dismissed for lack of subject-matter jurisdiction.  28 U.S.C. §158(a)(1) grants this Court with subject-matter jurisdiction to hear appeals from final orders of the bankruptcy court.  Absent leave of court, however, this Court lacks subject-matter jurisdiction to hear an appeal from an interlocutory order of the bankruptcy court.  Because the Order is filed is interlocutory and leave to bring an interlocutory appeal has not been sought (and would not, in any event, be appropriate), this appeal must be dismissed.

A final and appealable order is one that resolves a dispute, or "an entire claim on which relief may be granted."  *In re Integrated Res., Inc.*, 3 F.3d 49, 52-53 (2d Cir. 1993).  An order adjudicating fewer than all of the claims is only final if it is so certified in accordance with Fed.

R. Civ. P. 54 and Fed. R. Bankr. P. 7054.  S*ee Delta Air Lines, Inc. v. A.I. Leasing II, Inc. (In re Pan Am Corp.)*, 159 B.R. 396 (S.D.N.Y. 1993).  Here, the Order is not final.  The Order did not finally dispose of a dispute – it only dismissed the Appellants' counterclaims, while the Trustee's affirmative claims against the Defendants remain pending.  Further, the Order was not certified as final by the Bankruptcy Court under Rule 54.

If an order is not final (and the Order plainly is not), and the Bankruptcy Court's order is not, the party seeking to appeal must seek leave in accordance with 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8001 and 8003.  *In re Coudert Bros. LLP Law Firm Adversary Proceedings*, 447 B.R. 706, 711 (S.D.N.Y. 2011).  Federal Rules of Bankruptcy Procedure 8001 and 8003 provide that a motion for leave to appeal must accompany the notice of leave to appeal.  The notice and motion must be filed within 14 days after entry of the order for which an appeal is being sought.  Here, the Appellants did not file a motion for leave to appeal with their notice of appeal and failed to file such a motion by the deadline set forth in Bankruptcy Rule 8003.

Even if the Defendants had properly sought leave to appeal the Bankruptcy Court's Order, they could not satisfy the requirements under 28 U.S.C. § 1292(b), and should not be granted leave to appeal.  While § 1292(b) by its terms sets the standard for granting leave to appeal interlocutory orders from the district courts to the courts of appeals, district courts generally rely upon that standard in determining whether to permit an interlocutory appeal from a bankruptcy court order.  Under that standard, a district court may permit an interlocutory appeal if three requirements are met: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *In re Coudert Bros. LLP*, 447 B.R. at 711.  The instant appeal does not meet any of those conditions.

The great weight of authority holds that one cannot assert a claim of setoff against an avoidance action. *See Kramer v. Sooklall (In re Singh)*, 434 B.R. 298, 308 (Bankr. E.D.N.Y. 2010) ("[w]here, as here, a defendant with a pre-petition claim against the debtor seeks to set that claim off against liability to the Trustee as a transferee of a fraudulent conveyance, mutuality is lacking because liability of such a defendant to the Trustee as a transferee of a fraudulent conveyance does not constitute a pre-petition debt owed to the debtor; rather it is a debt owed to the Trustee."); *In re O.P.M. Leasing Servs., Inc.*, 40 B.R. 380, 402 (Bankr. S.D.N.Y.) ("It is well established that a party will be unable to assert a setoff where the party is being sued for fraudulent transfers. This is because where the party seeking to set off is being sued for fraudulent transfer, there is no mutuality of obligations, which is required under Code Section 553(a).") (internal citations omitted), *aff'd,* 44 B.R. 1023 (S.D.N.Y. 1984); *Geron v. Schulman (In re Manshul Constr. Corp.)*, No. 97 Civ. 8851, 2000 WL 1228866, at *56-57 (S.D.N.Y. Aug. 30, 2000) ("[W]hen a party is being sued for fraudulent transfers there is no mutuality of obligations and thus no right to any set-off.").[3] There is no "substantial ground for difference of opinion." Further, this appeal would not advance the termination of the litigation. In fact, allowing the Defendants to assert counterclaims would delay termination of the litigation. It would require the extension of the discovery period, which is well underway, and would lead to a delay of the trial, which is currently scheduled for May 2015.

## CONCLUSION

For the foregoing reasons, Defendants' appeal should be dismissed.

---

[3] Nor does the Order raise a controlling question of law with respect to the Defendants' remaining counterclaims. The Defendants have retained the ability to raise recoupment as an affirmative defense. And the Bankruptcy Court's dismissal of the exculpation counterclaim was compelled by a plain reading of the language of the chapter 11 plan.

5

Dated: New York, New York
January 9, 2015

  /s/ Andrew Goldman
Andrew Goldman
Michael Bongiorno
Craig Goldblatt (*pro hac vice motion to follow*)
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
New York, New York 10007
Tel:  (212) 230-8800

*Counsel for the Liquidating Trustee*